IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CARLOS DEWAYNE FOXX                                                    PETITIONER

V.                                                         NO. 4:14-CV-85-DMB-SAA

STATE OF MISSISSIPPI                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER

Before the Court is the *pro se* petition of Carlos Dewayne Foxx for a writ of habeas corpus under 28 U.S.C. § 2254. After the State responded to the petition, Foxx moved to dismiss the petition without prejudice, and the State has responded to that motion. For the reasons below, the Court dismisses Foxx's petition for a writ of habeas corpus and denies Foxx's motion to dismiss.

## I
## Facts and Procedural Posture

Carlos Dewayne Foxx is in the custody of the Mississippi Department of Corrections and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He pled guilty to two counts of attempted armed robbery, one count of armed robbery, and one count of manslaughter in the Circuit Court of Coahoma County, Mississippi. The circuit court imposed a sentence of twenty years on each count, to be served concurrently. Foxx filed a motion for post-conviction collateral relief in Coahoma County Circuit Court, raising the following grounds for relief, *pro se*:

I.  Self incrimination 5th amendment provides that no person shall be compelled in any criminal case to be a witness against himself.

II. Due process 5th amendment to challenge unnecessary procedures that occur at noncritical stages. Identification that results from unnecessarily suggestive procedures that may lead to an irreparably mistaken identity.

> III.  Due process 5th amendment involuntary confessions - confrontation of the accused with other evidence of guilt.  Evidence obtained by means of physical coercion.  Promises of leniency or psychiatric treatment.
>
> IV.  6th amendment assistance of counsel that presence of counsel may guard against suggestive procedures and challenge procedures that may lead to an innocent person.
>
> V.  Double jeopardy 5th amendment charging offense in different counts, such indictments may result in multiple offense of sentencing for a single offense.

The circuit court denied Foxx's petition, finding that, under Miss. Code Ann. § 99-39-21(1), he was "barred from raising the issues that he failed to raise during his plea hearing." Foxx concedes that he never appealed the circuit court's denial of his post-conviction motion to the Mississippi Supreme Court. *See* Doc. #1 at 7. Further, the Mississippi Supreme Court docket, as available on the court's website, does not reflect that Foxx has filed any pleadings there.

Foxx filed an earlier petition for a writ of habeas corpus in this Court in Cause No. 4:13-cv-109-MPM-SAA. In that petition, Foxx challenged the same convictions and sentences at issue in the instant case. On May 22, 2014, the Court dismissed Foxx's petition in Cause No. 4:13-cv-109-MPM-SAA for failure to exhaust state remedies.

In the instant petition for a writ of habeas corpus, Foxx raises the following grounds for relief, *pro se*:

> Ground One:  Self incrimination 5th Amendment.  No person shall be compelled in any criminal case to be a witness against himself.
>
> Ground Two:  Due Process 5th Amendment.  To challenge unnecessary procedures that occur at non-critical stages.
>
> Ground Three:  Due Process 5th Amendment.  Involuntary confessions.
>
> Ground Four:  6th Amendment assistance of counsel.  Presence of counsel may guard against suggestive procedures and may challenge procedures that may lead to an innocent man.

## II
## The Doctrines of Procedural Default and Procedural Bar

Under the doctrine of procedural default, if an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). This doctrine is known as procedural bar.

## III
## Ways to Overcome Procedural Default or Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. The petitioner can overcome the procedural default or bar by showing cause for it—and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231, 235-36 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003).

Even if a petitioner fails to establish cause and prejudice, he may still overcome a procedural default or bar by showing that its application would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove, "as a factual matter, that

3

he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  Further, he must support his allegations with new, reliable evidence—that was not presented at trial—and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (internal citations omitted).

As set forth above, Foxx failed to appeal the circuit court's denial of his post-conviction motion.  Under Rule 4 of the Mississippi Rules of Appellate Procedure, Foxx had thirty days from the entry of the circuit court's judgment to seek an appeal.  Foxx concedes that he has not done so, and the deadline has long since expired.  As Foxx has not presented his claims to the state's highest court, thus giving the state a fair opportunity to pass on them, these claims are procedurally defaulted from federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), and should be dismissed with prejudice.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (citing *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991)).

Foxx has not alleged any grounds to sustain a claim of cause and prejudice or a fundamental miscarriage of justice to overcome the procedural defects.  Indeed, he pled guilty, thus admitting each element of his crimes, a fact totally undermining his current claim of actual innocence.  For these reasons, the instant petition [1] for a writ of habeas corpus will be dismissed with prejudice, and Foxx's motion [8] to dismiss the petition without prejudice is denied.  A final judgment consistent with this memorandum opinion will issue.

**SO ORDERED**, this 24th day of March, 2015.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**